```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LARRY D. GUADAGNOLI,

      Plaintiff,

v.                                    Case No: 2:15-cv-176-FtM-29MRM

BRIAN LEE MASONY, Facility Legal Advisor, Attorney, BILL PRICE, DONALD SAWYER, Doctor, REBECCA J. JACKSON, Doctor, MELINDA MASTERS, PAUL PYE, FORENSIC ADMISSION COORDINATOR MENTAL HEALTH PROGRAM, Tallahassee, Florida, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, S.V.P. Department, GLOBAL ENFORCEMENT OPERATIONS, CORRECT CARE SOLUTIONS, and FLORIDA CIVIL COMMITMENT CENTER INTERDISCIPLINARY TREATMENT TEAM FACILITY,

      Defendants.

_____

## ORDER OF DISMISSAL

    This matter comes before the Court upon the motion to dismiss filed by Defendants Brian Masony, Bill Price, Donald Sawyer, Melissa Master, Paul Pye, and Rebecca Jackson (Doc. 47, filed October 19, 2016). Although Plaintiff has not filed a response to the motion, he has filed an unsigned "Request for Oral Argument" which appears to address the motion to dismiss (Doc. 56, filed November 28, 2016). The Court will liberally construe Plaintiff's

unsigned request for oral argument as a response to the motion to dismiss.

For the reasons set forth in this Order, Defendant's motion to dismiss is granted.

## I. Background

Plaintiff initiated this case on March 19, 2015 by filing a complaint against eleven defendants associated with the Florida Civil Commitment Center (Doc. 1). In the complaint, Plaintiff appeared to generally allege that he was displeased with the treatment he received for tinnitus (ringing in the ears). Id. As relief, Plaintiff sought release from the FCCC. Id. Upon review of the complaint, it was determined that Plaintiff had not adequately set forth his claims and that he could not seek relief from detention in a 42 U.S.C. § 1983 action (Doc. 5 at 2). Plaintiff was ordered to file an amended complaint, and he was provided explicit instructions on how to do so. Id.

On April 16, 2015, Plaintiff filed a 27-page amended complaint which is virtually incomprehensible (Doc. 9). He generally questions his treatment at the FCCC and the validity of the facility's professional licenses. Id. Instead of providing a short and plain statement of the facts surrounding the alleged constitutional violations committed by the defendants, Plaintiff appears to have cut and pasted portions of other documents and random legal definitions into the amended complaint without

explaining these portions' applicability to his tinnitus or to other treatment he has received at the FCCC.[1] In fact, the only mention of tinnitus in the amended complaint appears to be an assertion that Defendant Sawyer has access to a website for the Physician's Desk Reference (Doc. 9 at 9).

Defendants Masony, Price, Sawyer, Master, Pye and Jackson move to dismiss the amended complaint (Doc. 47). They generally allege that they cannot provide a responsive pleading because the allegations against them make no sense. Id. Defendants further urge that the amended complaint should be dismissed because

---

[1] For example, in Plaintiff's discussion involving Defendant Sawyer, Plaintiff references a complaint presumably sent to Maura Canter, "bar counsel for the Attorney Consumer Assistance Program-The Florida Bar." (Doc. 9 at 8). Plaintiff states without explanation of the statement's relevance to the instant complaint:

> The Fact(s) Stated in reference to filed complaint(s)-2014010,782(12B); "In *our* Response to the above complaint,". . . that Counsel-including all parties previously stated willingly with intent to deceive the Great State of Florida-Florida Bar, in case(s) 2:15-cv-00176-JES-DNF(2:15-cv-176-Ftm-29DNF), and Defense Attorney(s)-*Willie E. Gary III, *Carmen Vix Caino,* Ashley Minton,*Holly Stacie; resulting in damages (personal/Career related) financially and transferring liability to third parties, causing economic losses.

(Doc. 9 at 8) (editorial enhancements and asterisks in original).

Plaintiff did not abide by the instructions set forth in this Court's order to amend. Id.

## II. Standard of Review for Motions to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v.

Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.  Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.  In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

### III. Analysis

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me- accusation." (quoting Twombly*,* 550 U.S. at 555)).  Rule 10 of the Federal Rules further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff

has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, Plaintiff's amended complaint presents a confusing mixture of allegations, relevant facts, irrelevant facts, disjointed narrative, conclusory accusations, and legal argument (Doc. 9). Plaintiff appears to generally complain about his treatment at the FCCC without explaining how his constitutional rights were violated. He raises confusing claims for "breach of contract" and for alleged violations of criminal statutes. Plaintiff does not separate the causes of action, making it difficult to decipher the precise claims and against whom the claims are brought. It is the type of pleading that renders it impossible for a defendant to answer and must be dismissed under Rule 8 for that reason.

Plaintiff's response to the motion to dismiss (Doc. 56, labeled "Plaintiffs, Johnny C. Evans, Larry D. Guadagnoli, Terrod Smith, Gary Dextor, and Movants (Clients/Residents') Housed or Formerly Housed at Florida Civil Commitment Center Interdisciplinary Treatment Facility – Arcadia, Florida Legal Memoranda; Request for Oral Argument") is no less confusing than his amended complaint. It appears as if Plaintiff may be attempting to raise additional unrelated claims against people who are not named in his amended complaint. See Doc. 56 at 5 (asserting that "Adele Simmons; deliberate obstruction of criminal and civil statutes cited"; Doc. 56 at 4-5

(asserting that Defendants Sawyer, Masters, and Pye may have interfered with Plaintiff's "trade secrets").  Plaintiff also appears to assert that he is not the only plaintiff in this action. See Doc. 56 at 6, ("Constitutional Rights and Amendments have been violated; by withholding Plaintiffs' (Guadagnoli, Poole, Evans, Johhny [sic] C., Gary Dextor, Terrod Smith, and listed movants'[)] under 'Notice of Pendency of Other Actions'").

After conducting a review of his original complaint, Plaintiff was granted an opportunity to amend. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), overruled in part by Wagner v. Daewoo Heavy Indus. America Corp., 314 F.3d 541, 542 (11th Cir. 2002). Although provided detailed instructions on how to amend, Plaintiff did not comply with those instructions.  Accordingly, he will not be provided an opportunity to file a second amended complaint in this action.  If Plaintiff wishes to pursue his tinnitus-based claim, he must file a new complaint along with a new motion to proceed *in forma pauperis.*  Plaintiff should not use the instant case number on any further complaints filed in this Court.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The defendants' motion to dismiss (Doc. 47) is **GRANTED**. Plaintiff's amended complaint is dismissed without prejudice pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

2.   The **Clerk of Court** is directed to terminate any pending motions, enter judgment in favor of the defendants, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __30th__ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: OrlP-4
Copies: Larry D. Guadagnoli
Counsel of Record